UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD A. CUMMINGS,

    Plaintiff,

                                      Case No.10-11621

vs.                                 HON. GEORGE CARAM STEEH

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

_____/

ORDER ACCEPTING REPORT AND RECOMMENDATION (# 17), OVERRULING PLAINTIFF'S OBJECTIONS (#18), GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (# 15), DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (# 10), AND DISMISSING PLAINTIFF'S CLAIMS

**I.    INTRODUCTION**

This matter is before the court on the parties' cross-motions for summary judgment as to plaintiff Gerald Cummings's claim for judicial review of defendant Commissioner of Social Security's denial of his application for disability insurance benefits and social security income benefits. The matter was referred to Magistrate Judge Mark A. Randon, who issued a report and recommendation on July 19, 2011, recommending that Mr. Cummings's motion be denied, defendant Commissioner's motion be granted, and the Commissioner's findings and conclusions be affirmed.

## II.   PROCEDURAL AND FACTUAL HISTORY

Mr. Cummings filed an application for disability insurance benefits and supplemental security income benefits on December 22, 2004 alleging disability as of January 1, 2003. After his application was denied on May 12, 2005, Mr. Cummings requested a hearing before an Administrative Law Judge ("ALJ"). On October 23, 2007, after holding a hearing on Mr. Cummings's claims, ALJ Peter N. Dowd issued a decision denying Mr. Cummings's claims for benefits, finding that:

> [T]he claimant has the residual functional capacity to perform a range of sedentary exertional work activities that provide for a sit/stand option. In any potential work setting the claimant could do no significant pushing and pulling with the lower extremities. In any potential work setting the claimant could only do occasional climbing of stairs, balancing, stooping, kneeling, crouching or crawling. In any potential work setting the claimant could not be exposed to hazards such as unprotected heights or moving industrial machinery. From a mental standpoint the claimant can do simple, routine and repetitive work activities in a stable work environment and with superficial contact with supervisors and coworkers and no work with the general public.

(Tr. at 16-17).

The ALJ further opined that Mr. Cummings, while unable to perform any past relevant work, could perform other work that exists in significant numbers in the national economy, such as inspector (1,900 jobs), assembler (3,500 jobs) or machine operator (1,500 jobs). (Tr. at 18-19).

The Appeals Council of the Social Security Administration denied Mr. Cummings's request for review of the ALJ's decision on March 26, 2010, "at which point the ALJ's decision became the final decision of the Commissioner of Social Security." Wilson v. Comm'r or Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004) (citation omitted). Mr. Cummings

initiated this civil action with the court for review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

## III.  ANALYSIS

The standard of review to be employed by the court when examining a report and recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." Id.

A district court may affirm, modify, or reverse the Commissioner's decision, with or without remand. See 42 U.S.C. § 405(g). Findings of fact by the Commissioner are conclusive if supported by substantial evidence. Id. The court must affirm the decision if it is "based on [an appropriate] legal standard and is supported by substantial evidence in the record as a whole." Studaway v. Sec'y of Health and Human Servs., 815 F. 2d 1074, 1076 (6th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971).

Once an ALJ determines that a claimant does not possess the RFC to perform his or her past relevant work, the burden shifts to the Commissioner "to show that plaintiff possesses the capacity to perform other substantial gainful activity that exists in the national economy." Varley v. Sec'y of Health and Human Servs., 820 F. 2d 777, 779 (6th Cir. 1987). The Commissioner may rely on a vocational expert's testimony in response to a hypothetical question to meet this burden. Id. "In order for a vocational expert's

testimony in response to a hypothetical question to serve as substantial evidence in support of the conclusion that a claimant can perform other work, the question must accurately portray a claimant's physical and mental impairments." Ealy v. Comm'r of Soc. Sec., 594 F. 3d 504, 516 (6th Cir. 2010).

Plaintiff objects to the magistrate judge's conclusion that "the ALJ's hypothetical question properly took into account Plaintiff's mental impairments . . . ." Dkt. No. 17 at 21. Specifically, plaintiff argues that the ALJ's hypothetical question did not address "the actual impact that the Plaintiff's deficiencies of concentration would have on the satisfactory performance of the unskilled assembly, inspection and machine operation jobs." Dkt. No. 18 at 5. Plaintiff relies on psychologist Dr. Leonard Balunas's conclusion that "because of depressive disorder NOS, [plaintiff] is moderately limited in his ability to maintain prolonged concentration." (Tr. at 307A). Plaintiff also relies on an evaluation by psychologist Dr. James Grosenbach performed in February of 2006, wherein Dr. Grosenbach opined that plaintiff "has serious concentration and attention difficulties, memory deficits, and poor judgment." (Tr. at 182). Plaintiff maintains that this action must be remanded because the ALJ's hypothetical question failed to account for plaintiff's moderate difficulties in concentration, persistence and pace.

Plaintiff is correct that a number of decisions out of this district have concluded that hypothetical questions containing limitations such as "simple" or "unskilled" work do not properly reflect the limitations of someone with moderate deficiencies in concentration, persistence or pace. See Benton v. Comm'r of Soc. Sec., 511 F. Supp. 2d 842 (E.D. Mich. 2007); see also, Edwards v. Barnhart, 383 F. Supp. 2d 920, 931 (E.D. Mich. 2007); Brown v. Comm'r of Soc. Sec., No. 07-15418, 2009 WL 596360, at *8-9 (E.D. Mich. March 9,

-4-

2009); Green v. Comm'r of Soc. Sec., No. 08-11398, 2009 WL 2365557, at *10 (E.D. Mich. July 28, 2009); Long v. Comm'r of Soc. Sec., No. 09-14227, 2010 WL 6413317, at *7 (E.D. Mich. Dec. 6, 2010).

However, other cases out of this district have reached the opposite conclusion, specifically these decisions have found an accurate hypothetical with unskilled work limitations without consideration of concentration or pace limitations. See Chartier ex rel. Chartier v. Astrue, 2008 WL 795873, at *4(E.D. Mich. March 26, 2008); Hess v. Comm'r of Soc. Sec., No. 07-13138, 2008 WL 2478325, at *7-8 (E.D. Mich. June 16, 2008); see also, Latare v. Comm'r of Soc. Sec., No. 08-13022, 2009 WL 1044836, at *3 (E.D. Mich. April 20, 2009); Lewicki v. Comm'r of Soc. Sec., No. 09-11844, 2010 WL 3905375, at *3 (E.D. Mich. Sept. 30, 2010).

Therefore, whether or not remand is appropriate due to the absence of a pace and concentration limitation in a hypothetical question rests upon consideration of the record as a whole to determine if the ALJ's decision was supported by substantial evidence. See Hess, 2008 WL 2478325, at *7.  In Hess, a consulting psychiatrist determined that the claimant suffered from moderate "difficulties in maintaining concentration, persistence or pace." Hess, 2008 WL 2478325, at *4.  The court found that it was reasonable for the ALJ to omit concentration, persistence and pace limitations in the hypothetical because the same consulting physician also opined that the claimant "retains the ability to do unskilled tasks on a sustained basis noting that [the claimant] will work better in a low stress environment with minimal changes in the workplace setting." Hess, 2008 WL 2478325, at *8. Specifically, the court held that:

> Having adopted Dr. Marshall's discrete finding that Plaintiff experienced moderate limitations, the ALJ also reasonably adopted Dr. Marshall's more detailed conclusion as to the Plaintiff's functional capacity for work, forming the basis for both the hypothetical question and RFC. Plaintiff's argument for the selective adoption of Dr. Marshall's "moderate" limitations without considering his ultimate conclusion would amount to a distortion of the record. Likewise, Dr. Marshall's observation that Plaintiff experienced a moderately impaired ability to be punctual and complete her work without psychologically based interruptions must be analyzed alongside his conclusion that Plaintiff was capable of a limited range of light work.

Hess, 2008 WL 2478325, at *8. Similarly, in the present case Dr. Grosenbach not only opined that Mr. Cummings suffered from "serious concentration and attention difficulties," he also found that "his ability to work may not be severely impaired as long as the job does not involve any appreciable amount of contact with people." (Tr. at 182-83). Therefore, it was reasonable for the ALJ to exclude a pace and concentration limitation in the hypothetical because Dr. Grosenbach never concluded that plaintiff was unable to perform work due to his concentration difficulties. Further support for the accuracy of the ALJ's hypothetical is that Dr. Balunas opined that despite plaintiff's moderate limitations in his ability to maintain prolonged concentration, "he is able to perform unskilled work." (Tr. at 307A). Therefore, the ALJ's hypothetical question, stating that plaintiff "can do simple, routine and repetitive work activities in a stable work environment and with superficial contact with supervisors and coworkers and no work with the general public" is supported by the record as a whole and reflects Mr. Cummings's relevant limitations. (Tr. at 16-17). Hess, 2008 WL 2478325, at *8; Chartier, 2008 WL 795873, at *4.

**IV.     CONCLUSION**

Accordingly,

Plaintiff's objections are OVERRULED.  Consistent with the analysis herein, the court hereby ACCEPTS Magistrate Judge Mark Randon's July 19, 2011 report and recommendation, GRANTS defendant Commissioner's motion for summary judgment, DENIES plaintiff Gerald Cummings's motion for summary judgment and DISMISSES plaintiff's complaint with prejudice.

SO ORDERED.

Dated:  September 8, 2011

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 8, 2011, by electronic and/or ordinary mail.
S/Marcia Beauchemin
Deputy Clerk